UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ISHMAEL GOUGH,                                                            Plaintiff,

v.                                                  Civil Action No. 3:12-cv-849-DJH-CHL

LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT and
CHAUNCEY T. CARTHAN,                                                      Defendants.

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Ishmael Gough has moved to exclude the testimony of Defendant Chauncey Carthan's expert witness, Michael Lyman. (Docket No. 66) Gough argues that Lyman is unqualified to testify as an expert; that he offers inadmissible legal opinions; and that his testimony will not assist the trier of fact. (*See id.*) The Court finds that Lyman is qualified and that his testimony would be helpful; however, much of his report consists of legal conclusions and standards, which may not be presented by an expert witness. Therefore, the Court will grant Gough's motion in part and deny it in part.

## I.       BACKGROUND

This case arises out of an encounter between Gough and Carthan, a Louisville Metro Police Department detective, on September 4, 2012. As set forth in the complaint, Gough was driving in Louisville that night when he noticed that a small black car had been following him closely for several blocks. (D.N. 1, PageID # 3 ¶ 8) He pulled over, and Carthan exited the car behind him—"an unmarked black police-issued Ford Mustang"—with his gun drawn. (*Id.*) Carthan, who was not in uniform, ordered Gough to get out of his vehicle and lie on the ground. (*Id.*)

1

Gough asserts that he complied with Carthan's orders, but Carthan continued to point his gun at Gough and would not answer when Gough asked what he had done wrong.  (*Id.* ¶ 9) Because Carthan was acting aggressively and had not shown any signs of actually being a police officer, Gough "believed he was about to be robbed and/or murdered."  (*Id.*, PageID # 4 ¶ 10) He stood, and Carthan shot him in the leg.  (*Id.*)

Carthan, however, maintains that Gough was the aggressor.  According to Carthan, Gough refused to comply with his commands and assaulted him, attempting to take his gun and leaving him no choice but to shoot.  (D.N. 73, PageID # 473)

Gough alleges that Carthan used excessive force and committed assault, battery, outrageous conduct, and intentional infliction of emotional distress in shooting him.  (D.N. 1, PageID # 6 ¶ 22)  In defense, Carthan seeks to introduce the testimony of Lyman, who opines that Carthan's actions were reasonable under the circumstances.  (D.N. 66-1)  The parties dispute whether Lyman's opinions are admissible.  (D.N. 66, 73)

## II.    ANALYSIS

Pursuant to Federal Rule of Evidence 702,

[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  In evaluating expert testimony, the Court acts as a gatekeeper, "ensuring that [the] testimony both rests on a reliable foundation and is relevant to the task at hand."  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).  This gatekeeping role "entails a

preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 907 (6th Cir. 2004) (quoting *Daubert*, 509 U.S. at 592-93). The same standard applies to non-scientific expert testimony. *Id.* (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999)). Admission of expert testimony regarding "discrete police-practice issues," such as that offered here, is proper provided that the "experts are properly credentialed and their testimony assists the trier of fact." *Id.* at 908 (citing *Dickerson v. McClellan*, 101 F.3d 1151, 1163-64 (6th Cir. 1996); *Kladis v. Brezek*, 823 F.2d 1014, 1019 (7th Cir. 1987)).

Gough first argues that Lyman is unqualified to testify as an expert in this case. The Court disagrees. As set forth in his CV, Lyman has extensive education and experience in policing. He has undergraduate and master's degrees in the administration of justice; attended two police academies; received more than 2,000 hours of in-service police training while working as a criminal investigator; served as a certified police instructor for three years; and, for the last 28 years, has been "a college professor teaching and researching in the area of policing," publishing "numerous articles and books dealing with different aspects of police operations." (D.N. 66-1, PageID # 266) During his time as a criminal investigator, Lyman served on disciplinary and shooting boards. (*Id.*, PageID # 267) The Court thus finds that Lyman qualifies as an expert regarding the use of force by police based on his knowledge, experience, training, and education in police procedures. *Cf. Champion*, 380 F.3d at 909 (finding no abuse of discretion in admitting expert testimony where witness "had considerable experience in the field of criminology and . . . was testifying concerning a discrete area of police practices about which he had specialized knowledge").

Gough makes a more substantial challenge to the content of Lyman's report. The opinions set forth in the report, Gough asserts, are inadmissible legal conclusions. (*See* D.N. 66, PageID # 255-59)  Although the Federal Rules of Evidence permit expert testimony that "embraces an ultimate issue," Fed. R. Evid. 704(a), "an expert opinion on a question of law is inadmissible." *Chavez v. Carranza*, 559 F.3d 486, 498 (6th Cir. 2009) (citing *Berry v. City of Detroit*, 25 F.3d 1342, 1353-54 (6th Cir. 1994)).  In other words, the expert may not "merely tell the jury what result to reach." Fed. R. Evid. 704 advisory committee's note.

The ultimate issue in this case with respect to Carthan is whether his actions were objectively reasonable under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 397 (1989).  In his report, Lyman explicitly opines that Carthan's use of deadly force against Gough met this standard. (D.N. 66-1, PageID # 272, 276)  Such opinions are inadmissible. *See Alvarado v. Oakland Cty.*, 809 F. Supp. 2d 680, 688 (E.D. Mich. Aug. 15, 2011) ("[T]he expert's opinion must stop short of embracing the "legal terminology" [that] frames the ultimate legal conclusion [that] the jury must reach in the case." (quoting *Torres v. Cty. of Oakland*, 758 F.2d 147, 151 (6th Cir. 1985))); *see also Berry*, 25 F.3d at 1353-54.  Similarly, Lyman may not testify as to the legal standards governing police actions; "[i]t is the responsibility of the court, not testifying witnesses, to define legal terms." *Berry*, 25 F.3d at 1353; *cf. Alvarado*, 809 F. Supp. 2d at 691 (excluding testimony by Lyman "that the applicable 'standard of care' in th[e] case was enunciated in *Graham*").  Thus, Gough's motion to exclude will be granted to the extent Lyman offers legal conclusions and standards.

Lyman may, however, testify regarding use-of-force policies and procedures and whether Carthan's actions were consistent with those standards. *See Alvarado*, 809 F. Supp. 2d at 690 (noting precedent from within the Sixth Circuit "indicat[ing] that expert testimony regarding

4

recognized police policies and procedures, and specifically continuum of force policies, are appropriate subjects of expert testimony"); *see also Champion*, 380 F.3d at 908. Moreover, because Lyman possesses "particularized knowledge" about the use of excessive force, the Court concludes that his testimony on this discrete issue would assist the trier of fact. *Champion*, 380 F.3d at 908; *see id.* at 907-09 (rejecting defendants' argument that expert's opinions were not reliable or helpful to the jury in light of expert's extensive qualifications and testimony specific to incident underlying the case).

## III.   CONCLUSION

Lyman is qualified to serve as an expert in this case, and his opinions will be helpful to the jury. He may not, however, testify regarding legal conclusions or standards. Accordingly, it is hereby

**ORDERED** as follows:

(1)   Gough's motion to exclude (D.N. 66) is **GRANTED** to the extent he seeks exclusion of Lyman's legal opinions. The motion is **DENIED** in all other respects.

(2)   Consistent with the Court's prior Order (D.N. 79), briefing on the defendants' motions for summary judgment shall resume upon entry of this Memorandum Opinion and Order.

August 29, 2016

**David J. Hale, Judge**
**United States District Court**